## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 11-20050-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| RICARDO ORTEGA-SAUCEDO, ) | No. 12-2733-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

On December 13, 2011, the Court sentenced defendant to 71 months in prison. This matter is before the Court on defendant's Motion To Vacate, Set Aside, Or Correct A Sentence Or Conviction Pursuant To 28 U.S.C. § 2255 (Doc. #31) filed November 16, 2012. For reasons set forth below, the Court overrules defendant's motion.

### Factual Background

On July 1, 2011, a grand jury charged defendant with illegal reentry of a deported alien after a prior conviction for an aggravated felony. See Indictment (Doc. #1). The indictment alleged that defendant had previously been convicted in Arizona state court of aggravated assault/domestic violence, and in federal court of illegal reentry after deportation. On August 9, 2011, without a plea agreement, defendant pled guilty. On December 13, 2011, the Court sentenced defendant to 71 months in prison which was the high end of the applicable guideline range of 57 to 71 months in prison. See Presentence Investigation Report ("PSIR") (Doc. #12) ¶ 56. On July 16, 2012, the Tenth Circuit dismissed defendant's appeal. It found that (1) defendant's guilty plea was knowing and voluntary, (2) the advisory guideline range was correctly calculated and (3) the sentence imposed was both procedurally and substantively reasonable. See Order And Judgment (Doc. #30) at 4.

Kirk Redmond represented defendant throughout these proceedings. Liberally construed, defendant's Section 2255 motion claims that Mr. Redmond was ineffective because (1) he allowed defendant to plead guilty to a crime under 8 U.S.C. § 1326(b)(2) without an adequate factual basis, (2) he did not adequately establish that defendant's prior conviction for aggravated assault/domestic violence was not a "crime of violence" under Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines and (3) he did not secure a sentence at the low end of the guideline range. See Motion To Vacate (Doc. #31) at 3.[1]

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a

---

[1] In his motion, defendant presented his arguments as a single claim. For clarity, the Court has separated his arguments into three potential claims.

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

### I.     Claim 1 - Allowing Defendant To Plead Guilty Under 8 U.S.C. § 1326(b)(2)

Defendant first claims that Mr. Redmond was ineffective because he allowed defendant to plead guilty to a crime under 8 U.S.C. § 1326(b)(2) without an adequate factual basis. Defendant argues that counsel did not adequately establish that defendant's conviction for aggravated assault/domestic violence was not an "aggravated felony" under 8 U.S.C. § 1326(b)(2). Defendant claims that his prior conviction for "aggravated assault/domestic battery" was not an "aggravated felony" because in 2011, his wife denied any instances of domestic violence and reported to the presentence investigation report writer that the 2005 aggravated assault incident had been "misconstrued." See PSIR (Doc. #12) ¶ 43.

Counsel's failure to raise this argument was not deficient or prejudicial because defendant cannot collaterally attack the validity of his prior state conviction in this proceeding. See United States v. Delacruz-Soto, 414 F.3d 1158, 1159 (10th Cir. 2005) (defendant convicted under 8 U.S.C. § 1326 cannot, in that criminal proceeding, challenge prior aggravated felony conviction used to enhance penalties under § 1326(b)(2) except on ground that he was denied counsel in prior felony proceeding).[2] Based on the title of the conviction, the description of the offense in court records and

---

[2]     The presentence report reflects that defendant was represented by counsel in the prior felony proceeding. See PSIR (Doc. #12) ¶ 31.

defendant's prior admission that the conviction constituted an "aggravated felony," counsel reasonably concluded that a plea under Section 1326(b)(2) was factually supported.[3]

Even if counsel was somehow deficient in allowing defendant to plead under 8 U.S.C. § 1326(b)(2), defendant did not suffer any prejudice because he was sentenced to less than ten years, which is the statutory maximum for illegal reentry by a defendant who is convicted of at least one non-aggravated felony.[4]  See United States v. Carrillo-Torres, 2012 WL 3090803, at *2 (10th Cir. July 31, 2012) (need not determine whether prior felony was aggravated under Section 1326(b)(2) because defendant sentenced to 33 months in prison, less than ten-year statutory maximum under Section 1326(b)(1) for defendant with at least one non-aggravated felony).

The Court overrules defendant's first claim for relief.

## II.     Claim 2 - Failure To Object To Enhancement Under U.S.S.G. § 2L1.2(b)(1)(A)(ii)

Defendant claims that Mr. Redmond was ineffective because he did not adequately establish that defendant's conviction for aggravated assault/domestic violence was not a "crime of violence" under Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.  Here, the Court applied

---

[3]     Defendant's argument is conclusively refuted by his plea in this case and his plea in the District of Arizona in 2006.  In both cases, defendant pled guilty to an offense under Section 1326(b)(2) with a statutory maximum term of 20 years in prison.  Here, defendant pled guilty to illegal reentry "after having been convicted on or about December 8, 2005, of Aggravated Assault/Domestic Violence in Maricopa County, Arizona Superior Court Case Number CR2005-118861-001SE; and having been convicted on or about August 7, 2007, of Illegal Reentry after Deportation in the District of Arizona Case Number CR 06-01281-001-TUC-JMR(RSW)." Indictment (Doc. #1) at 1.  In the District of Arizona in 2006, defendant specifically admitted in his plea that "for sentencing purposes, I admit I was convicted of aggravated assault, an aggravated felony, on December 8, 2005, and I was represented by counsel."  See Plea Agreement (Doc. #16 in D. Ariz. No. 06-1281-JMR).

[4]     Here, defendant was convicted of at least two prior felonies: the domestic violence offense in 2005 and the illegal reentry offense in 2006.

-4-

Section 2L1.2(b)(1)(A)(ii) which provides a 16 level enhancement because defendant's prior conviction was for a felony that is a "crime of violence." See PSIR (Doc. #12) ¶ 18. Counsel's failure to argue that aggravated assault is not a crime of violence was not deficient or prejudicial because by definition under Section 2L1.2(b)(1)(A)(ii), a "crime of violence" includes "aggravated assault." U.S.S.G. § 2L1.2 n.1(B)(iii).[5] In addition, as explained above, counsel could not collaterally attack the validity of defendant's prior state conviction in this proceeding. See Delacruz-Soto, 414 F.3d at 1159 (defendant convicted under 8 U.S.C. § 1326 cannot, in that criminal proceeding, challenge prior aggravated felony conviction used to enhance penalties under § 1326(b)(2) except on ground that he was denied counsel in prior felony proceeding). Accordingly, the Court overrules defendant's second claim for relief.

### III.    Claim 3 - Failure To Obtain Sentence At Low End Of Guidelines Range

Defendant argues that counsel was ineffective because he did not obtain a lower sentence by (1) noting the statement of defendant's wife which denied any domestic violence or (2) securing her appearance at the sentencing hearing. Defendant has not alleged sufficient facts to show that counsel's performance was deficient. As explained above, to establish deficient performance, defendant must establish that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Strickland, however, mandates that in its review of counsel's performance, the Court be "highly deferential" and "indulge

---

[5] The application notes define a "crime of violence" as any of the following offenses under federal, state or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling or any other offense under federal, state or local law that has as an element the use, attempted use or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2 n.1(B)(iii).

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The Court must not second-guess counsel's assistance with the benefit of hindsight simply because defendant did not prevail on his arguments in favor of a reduced sentence. See id.

Here, counsel noted that in 2011, defendant's wife told the presentence report writer that defendant had no history of domestic violence and that "the 2005 aggravated assault incident was misconstrued and the responding police officers reported she was assaulted by the defendant." PSIR (Doc. #12) ¶ 43. Counsel explained that he had tried to contact defendant's wife to get further information and that he had received two continuances of sentencing to make further attempts to reach her, but that he was ultimately unable to contact her. See Transcript Of Sentencing (Doc. #27) at 3. Although counsel did not convince the Court to use a lower sentencing range based on the statement of defendant's wife, his strategy and conduct at sentencing were reasonable and competent.

Even if the Court assumes that counsel's performance in presenting his arguments was somehow deficient, defendant has not shown a reasonable probability that if counsel had argued the issues differently or that counsel would have secured the testimony of defendant's wife, the result of the sentencing proceeding would have been different. In particular, defendant has not shown that if defense counsel had found defendant's wife and if she was willing to testify, her testimony would have reduced his sentence. Defendant's wife told the probation officer that the conviction had been "misconstrued," but she apparently did not explain in what manner the conviction was erroneous. Even if defendant's wife meant to tell the probation officer in 2011 that defendant was not involved at all in any domestic violence, her statement is consistent with other situations involving domestic violence where the victim, "more often than not, changes [her] story because of the pattern and the

manner in which that abuse tends to happen and occur." Transcript Of Sentencing (Doc. #27) at 10. Defendant has not shown that his wife could have credibly exonerated him from his prior conviction for domestic violence or explained why she did not do so during the criminal proceedings against defendant in 2005 on the domestic violence charges or in 2006 on the illegal reentry charge.[6]

The Court overrules defendant's third claim for relief.

## Conclusion

Defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th

---

[6] To show deficient performance and prejudice on a claim that counsel failed to call a witness, a defendant ordinarily must provide an affidavit of the potential witness as to the nature of the proposed testimony. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice), cert. denied, 493 U.S. 898 (1989); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel), cert. denied, 470 U.S. 1058 (1985); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence). Based on defendant's vague explanation about his wife's proposed testimony, counsel's failure to locate her as a witness was not deficient or prejudicial.

Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct A Sentence Or Conviction Pursuant To 28 U.S.C. § 2255 (Doc. #31) filed November 16, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

---

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 27th day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
